NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY BECKHAM,

              Petitioner,

v.

UNITED STATES OF AMERICA,

              Respondent.

Civil No. 12-4817 (PGS)

**OPINION**

**SHERIDAN**, District Judge:

Anthony Beckham ("Petitioner"), an inmate incarcerated at Northern State Prison in Newark, New Jersey at the time of filing, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] For the reasons stated below, the petition will be denied.

# I. BACKGROUND

Respondent provides the following undisputed summary of the relevant procedural history:

On March 5, 2006, [Petitioner] was arrested by the Jersey City, New Jersey, Police Department and charged in state court with possession of a weapon for an unlawful purpose and other weapons-based offenses. Thereafter, on June 2, 2006, [Petitioner] was charged with aggravated assault after an incident in which he assaulted correctional officers at the Hudson County Jail.

On July 20, 2006, while the above state charges were pending, [Petitioner] was indicted by a grand jury in the District of New Jersey for a violation of 18 U.S.C. § 922(g). On September 6, 2006, the United States Marshals Service took temporary custody of [Petitioner] (who until that time was in the Hudson County Jail on the state charges) via a writ of habeas corpus *ad prosequendum*. On May

---

[1] Petitioner initially filed this action as one pursuant to 28 U.S.C. § 2255. (ECF No. 1.) However, since Petitioner is actually challenging the execution of his sentence, it will be construed as a § 2241 petition. *See Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir. 2001); *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990).

1

14, 2007, [Petitioner] pleaded guilty to one count of violating 18 U.S.C. § 922(g), and on October 31, 2007, [Petitioner] was sentenced in the United States District Court for the District of New Jersey to a term of imprisonment of 86 months, with three years of supervised release. The judgment of conviction contains no statement as to whether the federal sentence should run concurrently with any state sentence. After the sentencing, [Petitioner] was returned to the custody of the New Jersey state authorities.

Thereafter, on November 16, 2007, [Petitioner] was sentenced in New Jersey state court to five years of imprisonment for third-degree aggravated assault, in violation of New Jersey Statute 2C:12-1(B)(7). The state-court judgment of conviction provided that the sentence should be "concurrent to federal sentence." On August 31, 2012, [Petitioner] completed his state sentence and was transferred to federal custody to begin his federal sentence.

Upon receiving custody of [Petitioner], the [Bureau of Prisons ("BOP")] computed his sentence. The BOP determined that [Petitioner]'s federal sentence began on August 31, 2012 (the day he was transferred from state to federal custody), which made his projected release date March 16, 2017.[2] In calculating this sentence, the BOP gave [Petitioner] 621 days of credit for the period from March 5, 2006, to November 15, 2007 (i.e., the date on which he was arrested until the date that he began to serve his state sentence for aggravated assault).

[Petitioner] filed an administrative grievance challenging the BOP's sentence calculation and requesting that the BOP designate him *nunc pro tunc* to his state-court prison, which would have had the effect of having his sentences run concurrently rather than consecutively. On March 1, 2013, the BOP denied his grievance.

(Resp't's Answer 2-5) (internal citations omitted).

On July 31, 2012, Petitioner filed the instant petition. (ECF No. 1.) He argues that his "sentence was not carried out upon adjudication by court. Violating [his] guaranteed right to due process of law." (Pet. ¶ 12(A).) He further argues that "U.S. Marshalls [sic] did not take custody of [him] after state courts [sic] recommendation that 5 year sentence be served concurrently to

---

[2] After the instant petition was filed, the BOP re-calculated Petitioner's sentence based on updated information from the State that it had given Petitioner credit for the time he spent in New Jersey custody from September 12, 2006 through July 12, 2007, but it had not credited him from July 13, 2007 through November 15, 2007. (Resp't's Answer, n.2.) Therefore, Petitioner's new projected release date, assuming he receives all good-conduct credit available to him, is January 14, 2018. (*Id.*)

2

federal sentence in a nunc pro tunc manner on 11-16-07, cruel and unusual punishment shall no [sic] be inflicted." (*Id.* at ¶ 12(C).) Respondent filed an answer (ECF No. 8) and on July 8, 2014, this Court conducted a hearing (ECF No. 12).

## II. DISCUSSION

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified." *See* Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, *Muhammad v. Close*, 540 U.S. 749 (2004) and *Edwards v. Balisok*, 520 U.S. 641 (1997). *See also Wilkinson v. Dotson*, 125 S.Ct. 1242 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. *See Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

This Court has subject matter jurisdiction under § 2241 because Petitioner challenges the BOP's calculation of his release date on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition. *See Blood v. Bledsoe*, 2011 WL 2689050 (3d Cir. July 12, 2011); *Vega v. United States*, 493 F.3d 310, 313 (3d Cir. 2007); *Woodall v. Fed. Bureau of Prisons*, 432

F.3d 235, 241 (3d Cir. 2005). Insofar as the BOP reviewed Petitioner's request for *nunc pro tunc* designation, this Court's review is limited to the abuse of discretion standard. *See Galloway v. Warden of FCI Fort Dix*, 385 F. App'x 59, 61 (3d Cir. 2010); *Barden*, 921 F.2d at 478. Under this standard, a reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious. *See C.K. v. N.J. Dep't of Health & Human Services*, 92 F.3d 171, 182 (3d Cir. 1996). "[A]gency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'...." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 414 (1971), overruled on other grounds, *Califano v. Sanders*, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)). To make a finding that agency action was not arbitrary or capricious, or an abuse of discretion, a court must review the administrative record that was before the agency, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.... Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The Court is not empowered to substitute its judgment for that of the agency." *Overton Park*, 401 U.S. at 416. Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." *C.K.*, 92 F.3d at 184 (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

**B. Analysis**

"The authority to calculate a federal prisoner's release date for the sentence imposed, and to provide credit for pre-sentence detention and good conduct, is delegated to the Attorney General, who acts through the [BOP]." *Armstrong v. Grondolsky*, 341 F. App'x 828, 830 (3d Cir. 2009)

(citing *United States v. Wilson*, 503 U.S. 329, 334–35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992)). "In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled." *Nieves v. Scism*, 527 F. App'x 139, 140-41 (3d Cir. 2013) (citing 18 U.S.C. § 3585). A sentence begins when a defendant "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *see also Howard v. Longley*, 532 F. App'x 116, 117 (3d Cir. 2013) ("a sentence cannot start earlier than the day it was imposed ... 'even if made concurrent with a sentence already being served'"). "[A] prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000) (superseded on other ground by statute as recognized in *United States v. Saintville*, 218 F.3d 246 (3d Cir. 2000)).

Once the state's primary jurisdiction is relinquished, federal jurisdiction transforms from secondary to primary. *See Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D. Pa. 1996). At that point, the BOP calculates an inmate's projected release date by considering the specifics of the federal sentence and all appropriate credits. *See Armstrong*, 341 F. App'x at 830. A federal prisoner cannot receive credit for the time already credited against his state sentence. *Wilson*, 503 U.S. at 337 (in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"). However, a federal prisoner is entitled to "prior custody credit" for the time he spent in detention before his federal sentence began, that is, if that this period has not already been credited against his other sentence. *See* 18 U.S.C. § 3585(b) ("prior custody credit" is proper if the detention resulted either from the offense for which the sentence

was imposed or from "any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed [provided that such period] has not been credited against any other sentence").

Pursuant to *Barden*, 921 F.2d at 483, the BOP can make a *nunc pro tunc* designation of the state prison as Petitioner's place of confinement for his federal sentence. *Crawford*, 2014 WL 905586, at * 2. The BOP has wide discretion in determining whether to designate the state prison as the place of federal confinement and neither the federal courts nor the BOP are bound in any way by the state court's instruction that the state and federal sentences were to run concurrently. *Eccleston v. U.S.*, 390 F. App'x 62, 64 (3d Cir. 2010) (citing *Barden*). Prisoners are entitled to have their requests for *nunc pro tunc* designation examined by the BOP utilizing the factors listed in 18 U.S.C. § 3621(b). *Harris v. Zickefoose*, 511 F. App'x 135, 137 (3d Cir. 2013). Pursuant to § 3621(b), when determining the appropriateness of a correctional facility, the following factors are examined: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621.

Upon review of the record in this case, this Court finds that Petitioner has not shown that he is entitled to habeas relief. The BOP reviewed his request for *nunc pro tunc* designation under the factors listed in § 3621(b) and found factors two, three and four to be relevant. With regard to Factor Two, the BOP noted that Petitioner's federal offense was Felon in Possession of a Firearm in and Affecting Interstate Commerce and his state offense was Aggravated Assault. (Resp't's Answer, Johnson Decl., Attach. 14.) Under the third factor, the BOP found that Petitioner has a

prior criminal history that includes convictions for Tampering with Witnesses, Robbery, Manufacturing/Distribution of CDS in a school Zone and Attempting to Knowingly Cause Bodily Injury. (*Id.*) Finally, under the fourth factor, the BOP noted that multiple terms of imprisonment imposed at different times run consecutively unless the court orders them to run concurrently and this Court had not responded when contacted about its position on retroactive designation.[3] (*Id.*) The BOP properly considered Petitioner's request, applied the appropriate statutory factors, and did not act arbitrarily, capriciously, or contrary to law. *See Eccleston*, 390 F. App'x at 62; *Galloway*, 385 F. App'x at 59. Therefore, the petition will be denied.

### III. CONCLUSION

For the above-stated reasons, the Petition will be denied.[4] An appropriate order follows.

Dated: 9/2/14

_____
Peter G. Sheridan, U.S.D.J.

---

[3] The Court notes that if it had responded to the BOP's letter requesting its position on retroactive designation, its position would have been that it did not intend for Petitioner's federal sentence to run concurrently with the state court sentence. It was the Superior Court judge who issued the order indicating that Petitioner's sentence should run concurrently. Therefore, it was Petitioner's responsibility to make certain the state sentence was so imposed and he failed to undertake any such measures.

[4] As noted above, Petitioner initially filed this action as one pursuant to 28 U.S.C. § 2255. However, because Petitioner is challenging the execution of his sentence, the Court construed said petition as one pursuant to 28 U.S.C. § 2241. Though a certificate of appealability is not required to appeal a denial of a § 2241 petition, *see Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009), since Petitioner initially filed the instant petition as one pursuant to § 2255, to the extent it is necessary, the Court will grant a certificate of appealability. *See* 28 U.S.C. § 2253(c).